UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTY STANLEY,
    Petitioner,

v.                                                        Case No. 8:21-cv-1919-MSS-TGW

UNITED STATES OF AMERICA,
    Respondent.

**UNITED STATES' RESPONSE IN OPPOSITION TO
STANLEY'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States opposes for the following reasons Christy Stanley's motion to vacate, set aside, or correct her sentence. Civ. Doc. 1.[1]

**I.   STATEMENT OF THE CASE AND FACTS**

Between June and October 2018, Stanley obtained money through her employer's escrow account to send to "Andrei Aurel." Doc. 3 at 18–19. Stanley and Aurel were in an online romantic relationship, and Stanley agreed to send Aurel money in hopes that he could relocate to the United States to be with her. *Id.* at 19. Stanley requested approval for the wire transfers from the company's owner and/or another title closer. *Id.* at 19–20. Stanley made the requests appear legitimate, so she received approval to transfer the funds. *Id.* at 20. Stanley then initiated wire transfers

---

[1] References to filings in criminal case number 8:20-cr-48-MSS-TGW are cited as "Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

to various bank accounts held in various names at Aurel's direction. *Id.* The company's owner discovered the missing funds and questioned Stanley, who provided a false explanation for her actions. *Id.* In total, Stanley sent 16 wire transfers totaling $618,101.33. *Id.*

Stanley pleaded guilty pursuant to a plea agreement to one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Docs. 1, 3.

The Probation Office issued a Presentence Investigation Report ("PSR") and determined that Stanley's total offense level (20) and criminal history category (I) produced an advisory guidelines range of 33 to 41 months' imprisonment. PSR ¶¶ 33, 38, 77. The Probation Office noted that Stanley's mental health and physical conditions potentially qualified as both a ground for a departure or a downward variance. *Id.* ¶¶ 91–93.

Prior to sentencing, defense counsel requested that this Court grant Stanley a probationary sentence with a special condition of house arrest. *See generally* Doc. 36. Counsel emphasized that the guidelines were one factor to consider and 18 U.S.C. § 3553(a)(3) directed this Court to "<u>consider sentences other than imprisonment</u>." *Id.* at 5–6 (emphasis in original). Counsel emphasized that Stanley "is not a 'frequent customer'" of the criminal justice system and her offense did not involve acts of violence. *Id.* at 7–8. In addition, counsel highlighted Stanley's difficult upbringing and ongoing mental health struggles. *Id.* at 9–10. Counsel reasoned that a probationary sentence with house arrest would allow Stanley to contribute towards her restitution while promoting respect for the law. *Id.* at 11.

During sentencing, Stanley's victims described how they trusted Stanley and explained how her actions harmed their small business and tarnished its reputation. Doc. 47 at 7–17. Defense counsel reiterated Stanley's lack of *any* criminal history and her difficulties throughout her childhood and adult life. *Id.* at 19 (emphasis added). He requested a non-incarcerative sentence because Stanley "is easily manipulated" as demonstrated by the psychological report and her well-documented mental health issues. *Id.* at 20. Counsel recognized that this Court had to "[send] a message … that crime doesn't pay." *Id.* at 22. But counsel asked this Court to consider Stanley's whole picture and grant a downward variance, which would still satisfy the purposes of the § 3553(a) factors and permit Stanley to pay restitution. *Id.* at 22. The United States requested a guideline sentence but recognized that Stanley was "in the unusual position" of being both a victim of sorts and perpetrator of the offense. *Id.* at 27.

This Court sentenced Stanley to 30 months' imprisonment. Doc. 39. In imposing its sentence, this Court considered Stanley's background and psychological evaluation. Doc. 47 at 39. Notably, this Court declined to grant Stanley's requested reduction in order to "provide proper punishment" and deter future conduct of similarly situated defendants. *Id.* This Court described Stanley's conduct in the offense as sophisticated and did not find Stanley's explanation regarding her conduct to "ring completely true[.]" *Id.* at 39–40.

Stanley appealed. The Eleventh Circuit dismissed upon her motion for a voluntary dismissal. Docs. 42, 58.

Stanley has filed a 28 U.S.C. § 2255 motion raising two claims of ineffective assistance of counsel during sentencing. *See generally* Civ. Doc. 1. For the reasons set forth below, this Court should deny her claims.

## II.   MEMORANDUM OF LAW

### A.   Burden of Proof

In general, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of her claim, *Beeman v. United States*, 871 F.3d 1215, 1221–25 (11th Cir. 2017) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 456 U.S. 152, 164–66 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the petitioner has failed to carry her burden. *Beeman*, 871 F.3d at 1225; *cf. United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (in plain error review, "the burden truly is on the defendant to show that the error actually did make a difference … Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant."). Stanley cannot meet this burden.

### B.   Timeliness

Stanley timely filed her motion on August 11, 2021, within the one-year filing period provided by section 2255(f)(1). Civ. Doc. 1 at 13.

### C. Cognizability and Procedural Bars

Stanley's claims that counsel was ineffective during sentencing are grounded in the Sixth Amendment and are cognizable under section 2255. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings). Similarly, Stanley's claims are not procedurally barred. Ineffectiveness claims cannot be raised on direct appeal and are, therefore, generally exempt from the procedural default and prior resolution bars. *Massaro v. United States*, 538 U.S. 500, 509 (2003); *Lynn*, 365 F.3d at 1234 n.17.

### D. Merits

To succeed on an ineffective assistance of counsel claim, a petitioner must meet a stringent, two-prong test. First, the petitioner must show that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must prove resulting prejudice. *Id*. If the petitioner fails to establish either of the *Strickland* prongs, her claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005). *Strickland* sets a "high bar" for ineffective assistance claims, and surmounting it "is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citation omitted).

When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc; quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that [her] counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). The standard that the petitioner must meet is both "rigorous" and "highly demanding," and requires a showing of "gross incompetence" on counsel's part. *Kimmelman v. Morrison,* 477 U.S. 365, 381–82 (1986).

A petitioner demonstrates prejudice only when she establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Stanley claims her former counsel, Federal Defender A. Fitzgerald Hall, provided ineffective assistance during sentencing by failing to call mitigating witnesses and failing to represent her best interests. Civ. Doc. 1 at 4–11. She is incorrect.

Counsel in no way performed deficiently. He zealously advocated for a probationary sentence and highlighted numerous § 3553 factors, including Stanley's lack of criminal history, difficult upbringing, ongoing mental health struggles, and

6

the need to pay restitution. *See generally* Doc. 36. Indeed, counsel emphasized that § 3553(a) factors "direct[] the judge to consider sentences other than imprisonment." Doc. 36 at 5–6 (emphasis in original). Counsel highlighted that another individual misled Stanley when she stole the money. *Id.* at 7–8. Counsel reasoned that a probationary sentence was appropriate because Stanley had no criminal history, the offense did not involve violence, and it would allow Stanley to repay her restitution. *Id.* at 8, 10–11. Counsel reiterated these points throughout sentencing. *See generally* Doc. 47 at 18–22. In his affidavit, Mr. Hall notes that Stanley's interests "were both protected and presented in the best way possible" in order to achieve a lower sentence. *See* Affidavit of A. Fitzgerald Hall ("Affidavit") at 7. Contrary to Stanley's contention, counsel did represent her best interests and requested that this Court impose a probationary sentence both before and during sentencing. That this Court imposed a sentence exceeding Stanley's expectations does not render her counsel's performance deficient.

Stanley believes that had counsel called the mitigating witnesses she provided, her sentence would have been less severe. Civ. Doc. 1 at 4–8. This speculative claim is insufficient to support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Notably, Mr. Hall states that he informed Stanley that any witnesses she wanted to appear at sentencing "were welcome and anyone could write letters of support on her behalf." *See* Affidavit at 6. Apart from witnesses noting that Stanley is a good person, the statements Stanley appended to her Section 2255 Petition do not add any new information that was not previously

7

available for this Court to consider. The Probation Office detailed Stanley's personal and family information, including that she raised her brothers due to her father's alcoholism. PSR ¶ 44. Her lack of any criminal history suggested that this offense was an isolated incident. *Id.* ¶¶ 35–37. Further, Stanley's ongoing mental health struggles were well documented by both the Probation Office and Stanley's psychological evaluation. PSR ¶¶ 54–58; *see also* Doc. 47 at 20. In fact, the Probation Office identified Stanley's mental and emotional conditions as a potential ground for departure. PSR ¶¶ 91–93.

Stanley must also prove resulting prejudice to succeed, which is an impossible hurdle given that her 30-month sentence is far below the 20-year maximum sentence she faced. Further, it is clear from the record that this Court did not wish to grant a probationary sentence. Rather, this Court granted Stanley a variance based on her background and psychological evaluation. Doc. 47 at 39. This Court declined to impose a further reduction due to Stanley's "particularly sophisticated" conduct and observed that, while Stanley "may have been misled" by Aurel, "she knew what she was doing was wrong" and her explanation "just doesn't ring completely true[.]" *Id.* at 39.

For the foregoing reasons, this Court should deny Stanley's § 2255 motion in its entirety.

### E. Need for an Evidentiary Hearing

Stanley is not entitled to an evidentiary hearing. To establish entitlement to an evidentiary hearing on a claim of ineffective assistance of counsel, a petitioner must

"allege facts that would prove both that her counsel performed deficiently and that she was prejudiced by her counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232–33 (11th Cir. 2015). Stanley has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and she would be entitled to a hearing only if her allegations, if proved, would establish a right to collateral relief, *see Townsend v. Sain*, 372 U.S. 293, 307 (1963).

This Court may consider the entire record when determining whether to hold an evidentiary hearing. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). Summary dismissal is warranted when "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Similarly, no hearing is required when the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002) (citation omitted).

Stanley has not established the need for an evidentiary hearing because her arguments are facially insufficient to merit relief and are belied by the record.

9

THEREFORE, the United States respectfully requests that this Court deny Stanley's 28 U.S.C. § 2255 motion.

                              Respectfully submitted,

                              KARIN HOPPMANN
                              Acting United States Attorney

By:   */s/ Rachelle DesVaux Bedke*
      Rachelle DesVaux Bedke
      Assistant United States Attorney
      Florida Bar No. 0099953
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6358
      E-mail: Rachelle.Bedke@usdoj.gov

**Stanley v. U.S.**                                              Case No. 8:21-cv-1919-MSS-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    W. Charles Fletcher, Esq.

                              */s/ Rachelle DesVaux Bedke*
                              Rachelle DesVaux Bedke
                              Assistant United States Attorney
                              Florida Bar No. 0099953
                              400 N. Tampa St., Ste. 3200
                              Tampa, FL 33602-4798
                              Telephone: (813) 274-6000
                              Facsimile: (813) 274-6358
                              E-mail: Rachelle.Bedke@usdoj.gov