UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTY A. STANLEY

v.                                                          Case No. 8:21-cv-1919-MSS-TGW

UNITED STATES OF AMERICA

### DEFENSE COUNSEL'S 2255 AFFIDAVIT

**COMES NOW**, undersigned counsel, A. FITZGERALD HALL, pursuant this Court's order for the filing of counsel's affidavit in response to defendant's Section 2255 Petition and offers the following:

### INTRODUCTION AND BACKGROUND

1. On January 30, 2020, the government filed an Information charging Ms. Stanley with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Crim. Doc. 1). Ms. Stanley had consented to the filing of the Information and, thus, waived indictment, and signed a Plea Agreement in this case (Docs. 2, 3).

2. On May 15, 2020, pursuant to a Plea Agreement, Ms. Stanley pleaded guilty plea to the aforesaid Information (Doc. 18). Ms. Stanley's sentencing was originally scheduled for Wednesday, September 2, 2020, but this Court granted a continuance of the sentencing hearing and the new sentencing date was scheduled for Thursday, October 1, 2020, at 9:30 a.m. (Docs. 24, 31, 32, 33).

3. The PSR reflected a total offense level of 20 and a criminal history category of I (PSR ¶¶ 33, 37, 38, 77). This resulted in an advisory range of incarceration of 33–41 months (PSR ¶ 77).

4. On October 1, 2020, after hearing arguments from the parties, this Court sentenced Ms. Stanley to 30 months' incarceration (a three-month downward variance) followed by three years of supervised release (Docs. 37, 39, 41).

5. Ms. Stanley, who claimed to be indigent, has hired private counsel and has filed a Section 2255 Petition alleging ineffective assistance of counsel (Doc. 60).

## LEGAL RESPONSE

6. Undersigned counsel has been contacted by the United States Attorney's Office regarding this matter and, upon order of this Court (Civ. Doc. 2), undersigned counsel, after a review of Ms. Stanley's file, now responds to Ms. Stanley' allegations.

7. Ground one: Ms. Stanley alleges "Trial counsel was ineffective for failing to call character witnesses who would have testified to Petitioner's history and characteristics that would have resulted in a less severe sanction" (Doc. 60, p.4). Ms. Stanley's position is a conclusion unsupported by evidence and the established record for the following reasons:

   a. First, as outlined above, Ms. Stanley waived indictment and pleaded to an Information charging her with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Crim. Docs. 1–3). It should be noted, although Ms. Stanley's current counsel failed to do so, that undersigned counsel explained to Ms. Stanley her right

2

to require the government to obtain an indictment against her rather than waive indictment and plead to an Information. Ms. Stanley, after proper consultation, agreed to proceed as she did. *Id.*

        b.      So, at the outset of her case, and at that time, Ms. Stanley was facing a maximum of 20 years' incarceration for wire fraud in a case wherein she worked for her employer as a real estate closing agent and embezzled, *i.e.*, "stole," $501,131.30 (Doc. 3, ¶ 6, pp. 18–21). *See also* PSR ¶¶ 17, 18, 87. Ms. Stanley never denied these facts but, in fact, admitted to all of them. *Id.*

        c.      Furthermore, despite several full consultations prior to sentencing, Ms. Stanley appeared at sentencing and had not paid one penny towards the $501,131.30 restitution owed in this case. *See generally* PSR, Doc. 47. Neither Ms. Stanley nor her current counsel bring these facts to the Court's attention (Doc. 60).

        d.      Ms. Stanley, through her current counsel, alleges that this Court's statement that it had "looked at the background and history of this case. I've considered Title 18, United States Code, Section 3551 and 3553. In accordance therewith, it is the judgment of this Court that this Petitioner (and "Petitioner" is not what the Court called Ms. Stanley), is hereby committed to the custody of the Bureau of Prisons to be incarcerated for a term of 30 months" indicates that "the Court would have been open to evidence of Petitioner's history and characteristics" (Doc. 60, ¶¶ 16–17).

e. This Court was required to state on the record that it had considered the section 3553(a) factors. *See e.g., United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (same), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007); *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007) (same); *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) (same).

f. Furthermore, although the district court must adequately and properly consider the factors, nothing requires it to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors. *Garcia-Enriquez*, 664 F. App'x at 767 (citing *United States v. West*, 898 F.2d 1493, 1503 (11th Cir. 1990)). *See United States v. Dougherty*, 754 F.3d 1353, 1359 (11th Cir. 2014) (nothing requires the district court to discuss each of the section 3553(a) factors and an acknowledgement that it has considered each will suffice) (citing *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)). *See also, United States v. Lora*, 627 F. App'x 881, 885 (11th Cir. 2015) (unpublished opinion) (district courts do not have to conduct an accounting of every factor or explain the role each played in the sentencing decision) (citing *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005)). Rather, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a

reasoned basis for exercising his own legal decision-making authority." *Lora*, 627 F. App'x at 885 (citing *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456 (2007)).

    g. Finally, the weight given to each factor in section 3553(a) is a matter committed to the sound discretion of the district court. *United States v. Barrington*, 668 F.3d 1178, 1204 (11th Cir. 2011). *See United States v. Garcia-Enriquez*, 664 F. App'x 765, 767 (11th Cir. 2016) (unpublished opinion) (stating the weight given to any specific factor is committed to the sound discretion of the district court and a district court does not commit reversible error simply because it attaches significant weight to a single section 3553(a) factor) (citing *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)). "The court must consider all of the Section 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

    h. In short, Ms. Stanley's current counsel's position that the Court's reference to the section 3553(a) factors "indicates the Court would have been open to evidence of Petitioner's history and characteristics" misses the mark. The Court did take into consideration Ms. Stanley's history and characteristics, including, but not limited to, her difficult upbringing and ongoing mental health struggles (*see* Doc. 47, p. 39, lines 8–11).

    i. Ms. Stanley's current counsel also states that undersigned "counsel refused to call mitigation character witnesses to establish Petitioner's history and attributes" (Doc. 60, ¶ 18). First, the record below establishes all of the

sentencing mitigation presented on behalf of Ms. Stanley, which included a detailed Sentencing Memorandum discussing Ms. Stanley's background and characteristics and the section 3553(a) factors and a Psychological Evaluation. *See* Docs. 36, 37. Also, prior to sentencing, undersigned counsel explained to Ms. Stanley that any and all witnesses she wanted to appear at sentencing and speak on her behalf were welcome and anyone could write letters of support on her behalf.

j. Ms. Stanley's current counsel states "Trial counsel advised Petitioner that such witnesses were not necessary" (Doc. 60, ¶19). This claim is simply not true.

k. Ms. Stanley's current counsel states that Ms. Stanley "post sentencing obtained character letters containing witness's proposed testimony." *Id.*, ¶ 20. *See also* ¶¶ 21–31. Again, Ms. Stanley was informed prior to her sentencing that anyone wanting to write a character letter or letter of support on her behalf could do so. The fact that Ms. Stanley has now done what she could have done prior to sentencing is of no moment.

l. Ms. Stanley's current counsel conjectures that had this Court had the character letters suggested "there is a reasonable probability that the Court would have imposed a less severe sanction" *Id.*, ¶¶ 32–33. The facts of this case were serious, and the victims lost not only $501,131.30 but also suffered consequential damages and reputational injury. Further, Ms. Stanley had paid no restitution towards this amount by the time of sentencing. This Court granted a slight

downward variance of three months, but Ms. Stanley's current counsel suggests this Court would have "possibly" downward varied further had it heard "additional information about Ms. Stanley's background/life." Current counsel is mistaken. The victims appeared at the sentencing and expressed the losses they suffered and how their business was affected. Under the circumstances, and based on undersigned counsel's experience, Ms. Stanley should be appreciative that this Court did not vary upward and impose a longer sentence than what she received.

8. Ground two: Ms. Stanley alleges "Trial counsel was ineffective for failing to represent Petitioner's best interests throughout the proceedings where counsel made several statements indicating that he believed Petitioner should receive a harsh sentence."

   a. Undersigned counsel disagrees with Ms. Stanley's position. Additionally, the record below establishes that Ms. Stanley's interests were both protected and presented in the best way possible and resulted in her receiving a lesser sentence and not a harsher sentence especially considering the circumstances. *See* Docs. 1–3, 36, Psychological Evaluation.

   b. Ms. Stanley's current counsel states "During the sentencing hearing, counsel advocated for a different outcome than that requested by Petitioner" (Doc. 60, ¶ 39). Such a position by Ms. Stanley's counsel is belied by the record as

the Sentencing Memorandum filed on Ms. Stanley's behalf clearly requested a non-incarceration sentence (Doc. 36).

FURTHER AFFIANT SAYETH NAUGHT.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER—AFFIANT

By: /s/ A. Fitzgerald Hall
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 228-2715
Facsimile: (813) 228-2562Email:
Alec_Hall@fd.org

Sworn and subscribed before me this 1st day of November 2021, by Alec F. Hall, who is personally known to me and who did take an oath.

(seal) Notary Public

ROSE M. VALDEZ
Commission # HH 005711
Expires August 13, 2024
Bonded Thru Troy Fain Insurance 800-385-7019

8