UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:21-cv-1919-MSS-TGW
Criminal Case No. 8:20-cr-00048-MSS-TGW-1

**CHRISTY STANLEY,**
*Petitioner*,

*v.*

**UNITED STATES OF AMERICA,**
*Respondent*.
_____/

**PETITIONER'S REPLY TO REPONSE**

The Petitioner, Christy Stanley, by and through undersigned counsel, hereby replies to the Government's Response filed November 3, 2021 (Doc. 5), and states the following:

**REPLY**

In its Response, the Government correctly argues that Petitioner bears the burden of production and persuasion for the claims she presented to this Court. Its argument, however, that Petitioner was required to demonstrate "plain error," is incorrect.

> In general, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of her claim … which is a significantly higher hurdle than would exist on direct appeal **under plain error review.**

(Doc. 5 at 4) (internal citations and quotation marks omitted).

In the case cited by the Government in support of its incorrect contention, *United States v. Frady,* 456 U.S. 152 (1982), the United States Supreme Court stated the opposite: "[The plain error standard of review] is out of place when a prisoner launches a collateral attack against a conviction…"

Accordingly, the additional cases cited by the Government setting forth the plain error standard are inapposite and not appropriate for consideration by this Court. The correct standard for ineffective assistance of counsel claims is set forth in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), wherein the United States Supreme Court established a two-prong test for ineffective assistance: First, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. 466 U.S. at 688. Second, a defendant must make a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id*. 466 U.S. at 694. Petitioner notes that the Government does later

reference the *Strickland* analysis in its Response. (Doc. 5 at 5).

Under the correct standard, Petitioner presented a valid ineffectiveness claim, alleging that, but for her counsel's unprofessional failure to present adequate mitigation evidence at sentencing, "there is a reasonable probability that Petitioner would have received a less-severe sanction." (Doc. 1 at 10 ¶ 40).

In Ground One, Petitioner asserted that her counsel's failure to present available mitigation evidence resulted in a longer sentence than the Court would have otherwise imposed. *See Glover v. United States*, 531 U.S. 198, 203 (2001) (explaining that whether counsel's deficient performance prejudiced a defendant, "any amount of actual jail time has Sixth Amendment significance."); *United States v. Reed*, 719 F.3d 369, 375 (5th Cir. 2013) (same).

The question before the Court is whether there is a reasonable probability that the outcome of the proceedings would have been different had Petitioner's counsel assisted her with gathering and presenting the mitigation evidence now before it for consideration.

In an attached affidavit, Petitioner's trial counsel asserts that counsel explained to her before sentencing

3

that "any and all witnesses she wanted to appear at sentencing and speak on her behalf were welcome and anyone could write letters of support on her behalf." This statement conflicts with Petitioner's sworn allegation that she told her counsel the witnesses she wanted and asked him *to assist her* in obtaining mitigation evidence, and that her counsel neither investigated her proposed mitigation evidence, nor presented it at sentencing.

Counsel also states that *Petitioner* doing now what *she* "could have done prior to sentencing is of no moment." (Doc. 5 at 17). Counsel apparently feels it was Petitioner's duty to collect and present mitigation to the sentencing court.

Petitioner was entitled, however, under the Sixth Amendment of the United States Constitution, to receive the *assistance* of her counsel in the investigation, preparation, and presentation of mitigation evidence. Counsel failed to do so to Petitioner's prejudicial detriment. *Williams v. Taylor,* 529 U.S. 362, 371 (2000) (holding that counsel's failure "to discover and present this and other significant mitigating evidence was below the range expected of reasonable, professional competent assistance of counsel.").

4

Prior counsel also states that Petitioner "should be appreciative that this Court did not vary upward and impose a longer sentence than what she received." (Doc. 5 at 18). Counsel's adversarial posture toward Petitioner is unsurprising, as counsel displayed a degree of antipathy toward her on the sentencing record. She has simply asserted her constitutional right to effective assistance of counsel. Her gratitude, or lack thereof, regarding the Court's sentencing decision is not dispositive.

Petitioner's claim is not directed at the sentencing court. It instead concerns failures of her prior counsel, who now urges a conclusion that "the record establishes that [Petitioner's] interests were both protected and presented in the best way possible and resulted in her receiving a lesser and not a harsher sentence especially considering the circumstances." (Doc. 5 at 18).

Petitioner respectfully disagrees. Prior counsel does not—and cannot—explain how Petitioner's sentence is less severe under the circumstances of this case than it would have been if proper mitigation had been presented at sentencing. Prior counsel's statement is speculative and should not form the basis of the Court's decision

5

regarding ineffectiveness.

Of note: The Eleventh Circuit has declined to adopt a *per se* "'credit counsel in case of conflict rule,' which allows that in any case where the issue comes down to the "bare bones testimony" of the defendant against the contradicting testimony of counsel, defendant is going to lose every time." <u>Gallego v. U.S.</u>, 174 F.3d 1196, 1198-99 (11th Cir. 1999).

There are factual conflicts between the statements of predecessor counsel and Petitioner that this court should resolve through evidentiary hearing proceedings where it can receive testimony from both parties and evaluate the demeanor and credibility of the respective witnesses before rendering judgment.

In Ground Two, Petitioner has alleged that her counsel did not zealously protect her interests at sentencing. Counsel made comments at sentencing suggesting that Petitioner's offense, "should not be taken lightly," and that "individuals [had] been harmed," by her conduct. Petitioner also alleged that her counsel asked the Court to "send a message to society that crime does not pay."

Petitioner acknowledges trial counsel's duty to present an accurate view of facts to a court of law, if

6

contrition was to be expressed, however, or acknowledgement of the harm created by her offense, then it was Petitioner's, not counsel's place, to express those things to the Court.

## CONCLUSION

WHEREFORE, Petitioner asks that the Court grant her Petition, or in the alternative, to order an evidentiary hearing regarding her claims for relief.

Respectfully submitted,

/s/ W. Charles Fletcher
W. Charles Fletcher
Counsel for Petitioner
Fla. Bar No. 0125792
Law Office of W. Charles Fletcher
301 W. Bay Street, Suite 1477
Jacksonville, Florida 32202
(904) 329-7260
fletcherlaw@gmail.com
Counsel for Petitioner

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing has been electronically served via the CM/ECF system to Assistant United States Attorney Rachelle DesVaux Bedke this 2nd day of February 2022.

/s/ W. Charles Fletcher
W. Charles Fletcher, Esq.
